IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:25-CV-804

United States of America

v.

All funds seized from Wells Fargo Account
XXXXXX3167, an Initiate Business
Checking Account held in the name of
Cedric Dean Holdings, Inc.;

All funds seized from Wells Fargo
AccountXXXXXX3183, an Initiate Business
Checking Account held in the name of
Cedric Dean Holdings, Inc.;

One 2019 Chevrolet Silverado 2500 Truck,
VIN 1GC1CREGXKF254269;

One 2018 Thor Ace 32.1 Motorhome,
VIN 1F66F5DY2J0A13942;

One 2013 Georgetown Motorhome,
VIN 1F66F5DYXC0A06353;

One 2021 Ram 1500 Big Horn Crew Cab
Truck, VIN 1C6SRFFT9MN792975;

Real property at 1712 S. Lafayette Street
in Shelby, North Carolina, more
particularly described in a Deed at Book
1863, Pages 927-934 in the Office of
Register of Deeds for Cleveland County,
North Carolina;

Real property at 5502 McChesney Drive in
Charlotte, North Carolina, more
particularly described in a Deed at Book
35254, Pages 985-986 in the Office of
Register of Deeds for Mecklenburg County,
North Carolina;

Real property at 318 Gold Street in Shelby,
North Carolina, more particularly

**ANSWER TO AMENDED
COMPLAINT FOR
FORFEITURE *IN REM***

described in a Deed at Book 1938, Pages
965-966 in the Office of Register of Deed
for Cleveland County, North Carolina; and

Real property at 15906 Youngblood Road
in Charlotte, North Carolina, more
particularly described in a Deed at Book
39590, Pages 214-216 in the Office of
Register of Deeds for Mecklenburg County,
North Carolina.

Defendants, and

CEDRIC DEAN, AND CEDRIC DEAN
HOLDINGS, INC.,

Claimants.

NOW COMES Claimants Cedric Dean, owner and CEO of Cedric Dean
Holdings, Inc, and Cedric Dean Holdings, Inc, by and through undersigned counsel,
answering the Amended Complaint filed by the United States as follows:

## **INTRODUCTION**

1. No response is required for this paragraph.

2. Claimants assert that the allegation in this paragraph is a legal conclusion
   to which no response is required. To the extent the Court requires a
   response, Claimants deny the allegations of this paragraph.

3. Claimants deny the allegations of this paragraph.

4. Claimants deny the allegations of this paragraph.

## **JURISDICTION AND VENUE**

5. Claimants lack sufficient information or knowledge to form a belief as to
   the truth of the allegations of this paragraph.

6. Claimants assert that the allegation in this paragraph is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

7. Claimants assert that the allegation in this paragraph is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

8. Claimants admit that the identifying information of the listed properties in this paragraph and subparagraphs is correct.

## THE MEDICAID PROGRAM

### INTRODUCTION

9. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

10. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

11. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

12. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

13. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

14. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

15. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

16. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

**NC MEDICAID MENTAL HEALTH AND SUBSTANCE ABUSE POLICY**

17. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

18. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

19. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## MOBILE CRISIS MANAGEMENT

20. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

21. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

### *Service Type and Setting*

22. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

### *Program Requirements*

23. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

### *Eligibility Criteria*

24. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and subparagraphs and therefore deny all allegations contained therein.

## BEHAVIORAL HEALTH URGENT CARE

25. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

26. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

27. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

28. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

29. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

30. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

31. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

32. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## SUPPORTED LIVING

33. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## PEER SUPPORT SERVICES

34. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

35. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and subparagraphs and therefore deny all allegations contained therein.

36. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## THE SCHEME

## ENTITIES AND INDIVIDUALS

37. Claimants admit the allegations of this paragraph.

38. Claimants admit the allegations of this paragraph.

39. Claimants admit the allegations of this paragraph.

40. Claimants admit the allegations of this paragraph.

## CDH MEDICAID CLAIMS

41. Claimants are without sufficient knowledge to form a belief as to the truth of the unidentified Medicaid billing claims data referenced in this paragraph. Claimants admit that the approximate billing amounts are accurate.

42. Claimants admit the allegations of this paragraph.

## CLAIMS DATA ANALYSIS

43. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

44. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

45. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

46. Claimants deny CDH was involved in improper recruitment, inducement, and kickbacks. Except as so denied, Claimants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations regarding statement made by an unidentified "CDH employee" referenced in this paragraph.

47. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

48. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

49. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the analysis conducted by an unidentified MCO as set forth in this paragraph, and therefore deny all allegations contained therein.

50. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the findings of an unidentified MCO as set forth in this paragraph, and therefore deny all allegations contained therein.

51. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the data provided by an unidentified source as set forth in this paragraph, and therefore deny all allegations contained therein.

## INFORMATION FROM WITNESSES

52. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the statements made by the unidentified witnesses interviewed by law enforcement as set forth in this

paragraph and subparagraphs, and therefore deny all allegations contained therein.

## OPEN-SOURCE INFORMATION ASSOCIATED WITH DEAN AND CDH

53. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

54. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

55. Claimants admit that website npiregistry.cms.hhs.gov lists CDH's mailing address as McChesney Drive, the primary address as Catherine Simmons Ave., and the secondary practice address as Lafayette Street. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

56. Claimants admit that CDH held a mobile event in downtown Raleigh. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

57. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## FINANCIAL ANALYSIS

58. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding claims data provided by MID in this paragraph and therefore deny all allegations contained therein.

59. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## WELLS FARGO ACCOUNTS

### *Target Wells Fargo Account 3167*

60. Claimants admit that the Wells Fargo Account 3167 is an Initiate Business Account held in the name of Cedric Dean Holdings, Inc., and it was opened on July 25, 2024. Claimants further admit that two employees had limited access to the account. Except as so admitted, claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the bank records referenced in this paragraph.

61. Claimants admit that claim reimbursements were deposited into Wells Fargo Account 3167. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the unidentified documents law enforcement reviewed and the information therein.

62. Claimants deny making purchases from a diamond and jewelry store. Claimants admit that the approximate outflow amounts related to State

Employees Credit Union, ADP payments, Apple Cash payments, and Zelle payments are accurate. With regard to the remaining allegations, Claimants lack sufficient information or knowledge to form a belief as to the truth of those allegations and therefore deny the remaining allegations contained therein.

### *Target Wells Fargo Account 3183*

63. Claimants admit the allegations of this paragraph.

64. Claimants admit that approximately $112,000 was transferred to Wells Fargo Account 3183 from account 3167. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny the remaining allegations contained therein.

65. Claimants admit that approximately $76,400 was transferred to SECU Account 4005. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny the remaining allegations contained therein.

### *Graphic Summary of the Wells Fargo Accounts that Received Money from MCOs*

66. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and graphic summary and therefore deny all allegations contained therein.

### *Wells Fargo Account 3159*

67. Claimants admit the allegations of this paragraph.

68. Claimants admit the allegations of this paragraph.

# SECU ACCOUNT

## *SECU Account 4005*

69. Claimants admit the allegations of this paragraph.

70. Claimants admit that the transfer amounts referenced in this paragraph and subparagraphs are accurate. With regard to the percentages alleged in this paragraph and subparagraphs, Claimants lack sufficient information or knowledge to form a belief as to the truth of those allegations and therefore deny those allegations contained therein.

71. Claimants admit the allegations of this paragraph.

## *Graphic Summary of SECU Account 4005*

72. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and graphic summary and therefore deny all allegations contained therein.

## *Seizures*

73. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

74. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore deny all allegations contained therein.

## VEHICLES

75. Claimants lack sufficient information or knowledge to form a belief as to the truth of the unidentified bank records and vehicle purchase records alleged in this paragraph.

### *Silverado*

76. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the records referenced in this paragraph. Claimants admit that the Silverado was purchased using a cashier's check to Aspen Auto Group.

77. Claimants admit the allegations of this paragraph.

78. Claimants admit the allegations of this paragraph.

### *Thor Ace Motorhome*

79. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the records referenced in this paragraph. Claimants admit that the Thor Ace Motorhome was purchased for $52,000.

80. Claimants admit the allegations of this paragraph.

81. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the records referenced in this paragraph. Claimants admit that the Silverado was purchased using a cashier's check to Aspen Auto Group.

### Georgetown Motorhome

82. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the records referenced in this paragraph. Claimants admit that the Georgetown Motorhome was purchased for $40,000.

83. Claimants admit the allegations of this paragraph.

84. Claimants admit the allegations of this paragraph.

### Yukon Denali

85. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the records referenced in this paragraph. Claimants admit that they provided a $67,998.00 check to Gastonia Chevrolet.

86. Claimants admit the allegations of this paragraph.

87. Claimants admit the allegations of this paragraph.

### Ram Big Horn

88. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding what the unidentified records reflect as noted in this paragraph. Claimants admit that Dean purchased a GMC Yukon from Classic CDJR Lancaster.

89. Claimants admit the allegations of this paragraph.

90. Claimants admit that the allegations of this paragraph.

## REAL PROPERTIES

91. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and graphic chart and therefore deny all allegations contained therein.

### *The South Lafayette Street Property*

92. Claimants admit the allegations of this paragraph

93. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and graphic chart and therefore deny all allegations contained therein.

94. Claimants admit the allegations of this paragraph.

### *The McChesney Drive Property*

95. Claimants admit the allegations of this paragraph.

96. Claimants deny the allegations of this paragraph.

97. Claimants deny any allegations of fraud incorporated into this paragraph from the previous paragraph. Claimants admit that the accounts received deposits in the amounts specified, on or about the dates specified in this paragraph.

98. Claimants admit that the mortgage for the McChesney Drive property was paid in full on or about May 8, 2025, via a cashier's check drawn on Wells Fargo account 3167. Except as so admitted, Claimants deny the remaining allegations of this paragraph.

99. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and graphic chart and therefore deny all the allegations therein.

100. Claimants deny the allegations of this paragraph.

101. Claimants admit the allegations of this paragraph.

### *The Gold Street Property*

102. Claimants admit the allegations of this paragraph

103. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

104. Claimants deny any allegations of fraud or use of fraud proceeds in this paragraph. Except as so denied, Claimants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this and therefore deny the remaining allegations of this paragraph.

105. Claimants deny the allegations of this paragraph.

106. Claimants admit the allegations of this paragraph.

### *The Youngblood Property*

107. Claimants admit the allegations of this paragraph.

108. Claimants deny any allegation of fraud or use of fraud proceeds in this paragraph. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations regarding the unidentified MCO in this paragraph. Claimants admit the allegations in the second, third, fourth, and fifth subparagraphs.

109. Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and graphic chart, and therefore deny the allegations contained therein.

110. Claimants admit the allegations of this paragraph.

111. Claimants admit that law enforcement seized multiple items from the Youngblood Road Property. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and subparagraphs.

## DEAN INCOME

112. Claimants deny the allegations of this paragraph.

113. Claimants admit that he was released from federal prison on November 18, 2017, and was under federal supervision until December 28, 2018. Except as so admitted, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

114. Claimants admit that Dean was paid $10,000 in gross pay per pay period. Claimant admits that Dean received a total gross pay of $360,000 but denies that this paragraph reflects accurate dates for the pay period. Claimants deny that this paragraph accurately reflects Dean's net pay amounts. Claimants admit that income payments were ultimately deposited into Wells Fargo Account 3159 via ADP. Except as so admitted and denied, Claimants lack sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph.

## <u>CONCLUSION</u>

115.    Complainants deny the allegations of this paragraph.


**Claimants deny any and all allegations not specifically admitted
above. Claimants' affirmative defenses follow on the next page.**

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimants engaged in healthcare fraud and violated 18 U.S.C. §§ 1347, 1349, 1956(h), 1956(a)(1)(A)(i), and 1957, which subjected the defendant properties to this civil forfeiture pursuant to 18 U.S.C. § 981 and related statutes, is a claim upon which relief cannot be granted in this case because Claimants were engaged in a lawful business enterprise and did not commit the crimes alleged in the complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant properties violates the Claimants' Fourth Amendment right to be free from illegal searches and seizures.

## THIRD AFFIRMATIVE DEFENSE

The government is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations.

## FOURTH AFFIRMATIVE DEFENSE

Defendant properties are not subject to forfeiture because the government cannot show probable cause that the property facilitated the crimes alleged in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because it has not acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

The government cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate.

## SEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this civil forfeiture action because it failed to conduct an adequate investigation and filed its Complaint without sufficient prior analysis of the facts or understandings of CDH's business model.

## NINTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint are compound, vague, and ambiguous.

## TENTH AFFIRMATIVE DEFENSE

Claimants, as innocent owners, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

## RESERVATION OF RIGHTS

Claimants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

Respectfully Submitted:

This 15th day of January 2026.

/s/ Claire Rauscher
Claire J. Rauscher
N.C. State Bar No. 21500
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone:(704)331-4961
E-mail: Claire.Rauscher@wbd-us.com

s/ Erin K. Taylor
Erin K. Taylor
N.C. State Bar No. 34238
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28205-6025
Telephone: (704) 331-4928
Email: Erin.Taylor@wbd-us.com

*Attorneys for Claimants Cedric Dean & Cedric Dean Holdings, Inc.*

## CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully Submitted:

This 15th day of January 2026.

/s/ Claire Rauscher
Claire J. Rauscher
N.C. State Bar No. 21500
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone:(704)331-4961
E-mail: Claire.Rauscher@wbd-us.com

s/ Erin K. Taylor
Erin K. Taylor
N.C. State Bar No. 34238
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28205-6025
Telephone: (704) 331-4928
Email: Erin.Taylor@wbd-us.com

*Attorneys for Claimants Cedric Dean & Cedric Dean Holdings, Inc.*

23

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, the foregoing **ANSWER** was filed with the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Erin K. Taylor
Erin K. Taylor
(N.C. Bar No. 34238)
