IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:25-CV-00804

United States of America

v.

All funds seized from Wells Fargo Account XXXXXX3167, an Initiate Business Checking Account held in the name of Cedric Dean Holdings, Inc.;

All funds seized from Wells Fargo Account XXXXXX3183, an Initiate Business Checking Account held in the name of Cedric Dean Holdings, Inc.;

One 2019 Chevrolet Silverado 2500 Truck, VIN 1GC1CREGXKF254269;

One 2018 Thor Ace 32.1 Motorhome, VIN 1F66F5DY2J0A13942;

One 2013 Georgetown Motorhome, VIN 1F66F5DYXC0A06353;

One 2021 Ram 1500 Big Horn Crew Cab Truck, VIN 1C6SRFFT9MN792975;

Real property at 1712 S. Lafayette Street in Shelby, North Carolina, more particularly described in a Deed at Book 1863, Pages 927-934 in the Office of Register of Deeds for Cleveland County, North Carolina;

Real property at 5502 McChesney Drive in Charlotte, North Carolina, more particularly described in a Deed at Book 35254, Pages 985-986 in the Office of Register of Deeds for Mecklenburg County, North Carolina;

**SECOND JOINT MOTION TO STAY**

Real property at 318 Gold Street in Shelby, North Carolina, more particularly described in a Deed at Book 1938, Pages 965-966 in the Office of Register of Deed for Cleveland County, North Carolina; and

Real property at 15906 Youngblood Road in Charlotte, North Carolina, more particularly described in a Deed at Book 39590, Pages 214-216 in the Office of Register of Deeds for Mecklenburg County, North Carolina.

NOW COME the United States of America, by and through Dallas A. Kaplan, Attorney for the United States, pursuant to 18 U.S.C. § 981(g)(1), and Claimants Cedric Dean and Cedric Dean Holdings, Inc. (CDH), through counsel, pursuant to 18 U.S.C. § 981(g)(2), and hereby jointly request that the Court stay, for an additional ninety days, all proceedings in this civil forfeiture case. In support of this Second Joint Motion, the parties respectfully show the following:

The facts that underpin the civil forfeiture Complaint mirror the facts that underpin an ongoing criminal investigation of, among others, Claimants. This criminal investigation led to the execution of search warrants at the real properties identified in the caption above—searches that yielded evidence of use, and subject to discovery, in both the criminal investigation and this civil forfeiture case. The criminal investigation remains ongoing. Further, prior to the first Order to Stay (Doc. 12), discovery was ongoing in this civil forfeiture case, with discovery requests encompassing materials and topics in the ongoing criminal investigation.

Pursuant to 18 U.S.C. § 981(g)(1), a stay is mandatory on the government's motion if "civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of the related criminal case." Further, Pursuant to 18 U.S.C. §

981(g)(2), a stay is mandatory on the Claimant's motion if "(A) the claimant is the subject of a related criminal investigation; (B) has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the Claimant against self-incrimination in the related investigation or case."

Here, the Government and Claimants jointly agree further proceedings at this time would adversely affect the Government's ability to investigate and prosecute the suspected criminal activity. Specifically, Claimants will undoubtedly seek discovery of information that would typically remain confidential, pending charges, in the criminal investigation. Further, continuation of the forfeiture proceeding will burden Claimant's right against self-incrimination in a related case, as the Government will seek to compel testimony and information from Defendant—testimony and information that Defendant might otherwise oppose turning over or providing in a criminal investigation. Thus, under the circumstances, the parties agree that an additional stay is appropriate pursuant to Section 981(g).

WHEREFORE, the parties request that the Court enter an Order in the form submitted herewith, issuing a stay for an additional ninety days from the October 13, 2026 expiration date of the first stay in this case, such stay subject to further extension upon additional motion of the parties and order of this Court.

Respectfully submitted, this, the 9th day of October, 2026.

DALLAS A. KAPLAN
ATTORNEY FOR THE UNITED STATES

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436

CLAIMANTS CEDRIC DEAN AND CEDRIC DEAN HOLDINGS, INC.

***/s/Claire J. Rauscher***
Claire J. Rauscher

Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6629
Email: benjamin.bain-creed@usdoj.gov

NC State Bar #21500
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
(704)331-4961 (Phone)
(704)338-7811 (Fax)
claire.rauscher@wbd-us.com