IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00804-SCR-WCM

United States of America

v.

All funds seized from Wells Fargo Account XXXXXX3167, an Initiate Business Checking Account held in the name of Cedric Dean Holdings, Inc.;

All funds seized from Wells Fargo Account XXXXXX3183, an Initiate Business Checking Account held in the name of Cedric Dean Holdings, Inc.;

One 2019 Chevrolet Silverado 2500 Truck, VIN 1GC1CREGXKF254269;

One 2018 Thor Ace 32.1 Motorhome, VIN 1F66F5DY2J0A13942;

One 2013 Georgetown Motorhome, VIN 1F66F5DYXC0A06353;

One 2021 Ram 1500 Big Horn Crew Cab Truck, VIN 1C6SRFFT9MN792975;

Real property at 1712 S. Lafayette Street in Shelby, North Carolina, more particularly described in a Deed at Book 1863, Pages 927-934 in

**ORDER**

the Office of Register of Deeds for Cleveland County, North Carolina;

Real property at 5502 McChesney Drive in Charlotte, North Carolina, more particularly described in a Deed at Book 35254, Pages 985-986 in the Office of Register of Deeds for Mecklenburg County, North Carolina;

Real property at 318 Gold Street in Shelby, North Carolina, more particularly described in a Deed at Book 1938, Pages 965-966 in the Office of Register of Deed for Cleveland County, North Carolina; and

Real property at 15906 Youngblood Road in Charlotte, North Carolina, more particularly described in a Deed at Book 39590, Pages 214-216 in the Office of Register of Deeds for Mecklenburg County, North Carolina.

THIS MATTER is before the Court on the Second Joint Motion to Stay (the "Motion," Doc. 13), filed by the United States of America and Claimants Cedric Dean and Cedric Dean Holdings, Inc. ("CDH") by which the parties jointly request that the Court stay, for an additional ninety days, all proceedings in this civil forfeiture case.

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." Under 18 U.S.C. § 981(g)(2), "[u]pon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--(A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."

Here, for the reasons set forth in the Motion, the undersigned finds that an additional stay is appropriate. See also Doc. 12.

**IT IS THEREFORE ORDERED THAT** the Second Joint Motion to Stay (Doc. 13) is **GRANTED**, and this matter is **STAYED** for an additional ninety days, to and including January 11, 2027, such stay being subject to further extension upon additional motion of the parties and order of the Court.

Signed: October 13, 2026

W. Carleton Metcalf
United States Magistrate Judge